UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AKANDO DUCKSWORTH                      CIVIL ACTION

VERSUS

HAL MACMURDO, ET AL.[1]                 NO: 18-CV-01005-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for a Preliminary Injunction (Doc. 7)**[2]. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Oral argument is not required. For the reasons stated below, Plaintiff's motion is **DENIED**.

I.     FACTUAL BACKGROUND

Akando Ducksworth ("Plaintiff") alleges that Hal Macmurdo, a physician at the Dixon Correctional Institute ("Defendant"), has unlawfully discontinued Plaintiff's weekly visits to "UMC"[3] for speech and physical therapy services for

---

[1] Plaintiff does not specifically name other parties in the body of the Motion for Preliminary Injunction, or in the memorandum in support of the motion. However, in the proposed order to show cause, Plaintiff requests that Defendant, Jason Kent, and Cherryl Washington all be ordered to appear at the show cause hearing. Further, Plaintiff alludes to Kent and Washington as additional Defendants in the complaint. Plaintiff does not explain who Kent or Washington are, or how they relate to the motion *sub judice*.

[2] Plaintiff titled his pleading "Declaration in Support of Plaintiff's Motion for a Preliminary Injunction" but does not include any document titled "Motion for a Preliminary Injunction." Furthermore, Plaintiff includes a "Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction." Despite its title, Plaintiff's "Declaration in Support of Plaintiff's Motion for a Preliminary Injunction" is a Motion for a Preliminary Injunction in form, therefore, the Court shall interpret it as such.

[3] Plaintiff does not define "UMC," but the Court surmises that Plaintiff is referring to the University Medical Center in New Orleans, Louisiana.

1

"financial reasons." (Doc. 7 at ¶¶ 1,2,3). Plaintiff further alleges that he has submitted four requests for treatment which have been ignored by Defendant. (*Id.* at ¶ 4). Plaintiff asserts that his health continues to decline, and that his medical needs are now urgent. (*Id.* at ¶ 5). Plaintiff avers that there is imminent risk that his current medical condition[4] will be permanent, and that preventative and rehabilitory treatment is not available to Plaintiff at Dixon Correctional Institute. (*Id.* at ¶¶ 6,7). Plaintiff claims that Defendant is responsible for scheduling medical appointments at facilities outside of the prison, but has not exercised that authority to address Plaintiff's medical needs. (*Id.* at ¶ 8).

## II. LEGAL STANDARDS

### A. Injunctive Relief

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).; *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary

---

[4] Plaintiff does not describe with particularity what his "condition" is, only asserting that his treatment involves speech therapy and physical therapy.

2

injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809. At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

### B. Service

Federal Rule of Civil Procedure 5 sets forth the service requirements for any motion filed in federal court. Specifically, unless the Rules state otherwise, a written motion, except for those that may be heard *ex parte*, must be served on every party. Fed. R. Civ. P. 5(a)(1)(D). A certificate of service is also required to be included with any filings not submitted to the Court by way of electronic filing. Fed. R. Civ. P. 5(d)(1)(B).

### III. DISCUSSION

Fed. R. Civ. P. 65 provides:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>     (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

It "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir. 2013)). Thus, courts have held, for example, that "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal." *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 683 (N.D. Tex. 2015).

Plaintiff does not include a certificate of service with the instant motion, nor does Plaintiff provide the Court with a certification of efforts made to serve Defendants. Plaintiff's motion was not filed by way of electronic filing. Therefore, pursuant to Fed. R. Civ. P. 65, without a showing of harm so imminent such that it would allow no time for Defendants to respond, the instant motion must be denied. The Court finds no evidence that the harm Plaintiff claims he will suffer is so immediate that Defendants could not be noticed or given the opportunity to respond or appear at a hearing to address the merits of Plaintiff's motion. Plaintiff generally alleges that he is at risk of his undisclosed medical condition worsening or becoming permanent. However, Plaintiff has not explained what his condition is, how it could become permanent, or why he believes such ill-effects are imminent. Furthermore,

upon review of the medical request forms submitted by Plaintiff, the Court notes that Plaintiff has been seen by doctors at UMC at least twice, where the complaints listed on the request forms were ostensibly addressed. The Court also notes that Plaintiff never circled the "Emergency" option on the medical request forms. Because Plaintiff has been examined by medical professionals twice, and Plaintiff himself describes the urgency of his medical needs as "routine," the Court finds that Plaintiff has not established a threat of imminent irreparable harm such that Defendant could not be served and given time respond.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for a Preliminary Injunction (Doc. 7)** is **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 3rd day of April, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**