UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AKANDO DUCKSWORTH                                    CIVIL ACTION

VERSUS

HAL MACMURDO, ET AL.                                 NO: 18-CV-01005-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff's **Motion for a Preliminary Injunction (Doc. 11)**. Also before the Court is Plaintiff's **Motion for Appointment of Counsel (Doc. 6)**. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Oral argument is not required. For the reasons stated below, Plaintiff's motion for a preliminary injunction is denied is **DENIED** and Plaintiff's motion for the appointment of counsel is **GRANTED**.

I.   FACTUAL BACKGROUND

Akando Ducksworth ("Plaintiff") alleges that Hal Macmurdo, a physician at the Dixon Correctional Institute ("Defendant"), has unlawfully discontinued Plaintiff's weekly visits to University Medical Center in New Orleans for speech and physical therapy services for "financial reasons." (Doc. 11 at p. 1). Plaintiff alleges that he suffers from recurrent respiratory papillomatosis ("RRP") and muscle tension dysphoria ("MTD"). Plaintiff further alleges that RRP is a condition which causes growths on the sufferer's vocal cords. (*Id.* at p. 2). Plaintiff claims that once the growths are present, the only course of action is surgical removal, and that if left

1

untreated, the growths could become life threatening. (*Id.*). Plaintiff avers that the medical staff at the prison have neither the expertise nor the equipment to properly monitor his vocal cords. (*Id.*). Plaintiff also avers that MTD is a condition wherein the sufferer's neck muscles tighten to such an extent that it renders his vocal cords inoperable. (Id at p. 3). Plaintiff claims that the only treatment for MTD is regular physical therapy. (*Id.*). Plaintiff further avers that he has already been to the hospital over sixty times in eight months so that he could receive proper treatment, and the throat lozenges, ibuprofen, and neck exercises suggested by the prison have been insufficient. (*Id.*).

This is the second motion for a preliminary injunction that Plaintiff has filed. (Doc. 7). The Court denied Plaintiff's first motion without prejudice, as Plaintiff did not serve any of the relevant parties. (Doc. 8). Plaintiff has rectified this deficiency.

## II.  LEGAL STANDARDS

### A. Injunctive Relief

It "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir.2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)). Thus, courts have held, for example, that "[p]ro se litigants must properly plead sufficient facts that, when liberally

2

construed, state a plausible claim to relief, ... and brief arguments on appeal." *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 683 (N.D. Tex. 2015).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to

address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

III. **DISCUSSION**

Plaintiff has not satisfied the basic elements required for the imposition of temporary restraints as set forth by *Ridgley*. Plaintiff fails to expand his analysis of the facts of his case past the "irreparable harm" criteria. Plaintiff argues that irreparable harm would occur should his conditions be left untreated, but does not address the likelihood of success of his claims, or whether granting an injunction disserves the public interest. Plaintiff briefly addresses whether the harm done to him outweighs the harm that would be caused to Defendant Macmurdo if the Court grants an injunction, albeit in a cursory fashion, stating only that "no harm will come to defendant Macmurdo if the plaintiff's weekly MTD treatments are restored for 90 days by the granting of this motion." (Doc. 11 at p. 3). Plaintiff does not address any potential harm the injunction may case to other Defendants listed in the complaint, nor does Plaintiff explain why he believes that an injunction would not harm Defendants, despite also claiming that his doctor visits were discontinued for "financial reasons."

The Court is called to review a *pro se* litigant's complaint liberally, so as to glean a cause of action from often inartfully pleaded complaints. The Court has complied with this mandate. The Court cannot, however, be expected to "extract blood from a stone" when a *pro se* litigant does not allege even the bare minimum

facts to support a cause of action. As Plaintiff has not put forth arguments addressing *all* of the requisite criteria for the issuance of a temporary restraining order, the Court cannot reach the full merits of Plaintiff's request. Plaintiff's motion is **DENIED**.

The Court has twice denied Plaintiff's requests for injunctive relief on procedural grounds, as required by case law and statutory authority, and is concerned that Plaintiff's lack of legal education may prevent Plaintiff from prosecuting his case in an effective manner. Because Plaintiff's allegations, if true, may present sufficiently credible and meritorious claims, the Court will **GRANT** his Motion for Appointment of Counsel (Doc. 6).

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for a Preliminary Injunction (Doc. 11)** is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **GRANTED**. A separate order will follow.

Baton Rouge, Louisiana, this 25th day of April, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**