UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AKANDO DUCKSWORTH     CIVIL ACTION

VERSUS

HAL MACMURDO, ET AL.     NO.: 18-1005-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 16)** filed by Defendants Dr. Hal MacMurdo, Jason Kent, and Cherryl Washington. Plaintiff has filed an opposition (Doc. 18). For the reasons that follow, the **Motion (Doc. 16)** is **GRANTED**.

## I. BACKGROUND

Plaintiff is an inmate incarcerated at the Dixon Correctional Institute. (Doc. 4-1 at p. 3). Plaintiff alleges that he suffers from Recurrent Respiratory Papillomatosis and Dysphonia, which will result in the permanent loss of his voice if left untreated. (Doc. 18 at p. 1). Plaintiff alleges that on March 20, 2017, a doctor at the University Medical Center (UMC) recommended that he receive speech therapy twice a week. (Doc. 4-1 at p. 3). Plaintiff alleges that he received speech therapy sessions twice a week from April 2017 to December 2017. (*Id.* at p. 5). However, in December 2017, Plaintiff alleges that UMC cancelled his sessions due to a lack of improvement in his vocal quality but advised Dr. MacMurdo that it would be willing to continue the sessions to treat Plaintiff's neck pain. *Id.* Plaintiff alleges that Dr.

1

MacMurdo did not renew the sessions because he did not "see a financial benefit to the prison." *Id.* Plaintiff alleges that since the cancellation of his sessions, he has been provided with Ibuprofen, muscle relaxers, sore throat lozenges, and neck exercises. *Id.* Plaintiff alleges that on March 21, 2018, he was treated by a doctor at UMC. *Id.* Plaintiff requested that his sessions be continued but was informed that he had a poor prognosis for recovery and that the sessions therefore would not help. *Id.* Plaintiff asked the doctor to refer him to a voice specialist but was told that no specialist would see him. *Id.* Plaintiff sued Kent, the Warden of the Dixon Correctional Institute, Washington, an Administrative Remedy Procedure Screening Officer, and Dr. MacMurdo under § 1983.

## II.  LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig,* 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide,* 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

To overcome Defendants' motion to dismiss, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's amended complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

### III. DISCUSSION

#### A. Defendants' Motion Under Rule 12(b)(1)

Defendants assert that Plaintiff's claims against them in their official capacity must be dismissed due to the Eleventh Amendment. The Eleventh Amendment immunity defense is a question of subject matter jurisdiction. *United States v. Texas Tech University*, 171 F.3d 279, 286 n. 9 (5th Cir. 1999). The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal court. *Cozzo v. Tangipahoa Parish Counsel-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (citation omitted). Lawsuits against state officials acting in their official capacity are generally barred by the Eleventh Amendment. *Goins v. State of Louisiana*, 2004 WL 2694899, at *3 (E.D. La. Nov. 22, 2004).

Defendants argue that to the extent that Plaintiff seeks monetary damages against them in their official capacity, those claims must be dismissed. Plaintiff concedes that the Eleventh Amendment protects state officials sued in their official capacity. However, the Court construes Plaintiff's complaint as a suit against Defendants in their personal capacity under 42 U.S.C. § 1983. Accordingly, Defendants' Rule 12(b)(1) motion is denied.

**B. Defendants' Motion Under Rule 12(b)(6)**

**1. Failure to State a Claim with Regard to Kent and Washington**

Defendants argue that Plaintiff has failed to state a claim with regard to Kent and Washington specifically. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "A supervisory official may be held liable under section 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

Kent is the Warden of the Dixon Correctional Institute. Washington is an Administrative Remedy Procedure Screening Officer. Plaintiff alleges that Washington ignored a complaint that Plaintiff filed against Dr. MacMurdo. (Doc. 4-1 at p. 7). Plaintiff also alleges that Kent was made aware of Plaintiff's grievances against Dr. MacMurdo. *Id.* The alleged constitutional deprivation or injury at issue is the failure to renew Plaintiff's sessions. Plaintiff's allegations against Kent and

Washington do not indicate that they affirmatively participated in acts or implemented unconstitutional policies that caused the cancellation of the treatments. Indeed, Plaintiff does not address Defendants' arguments on these grounds in his opposition to the motion to dismiss. Thus, Defendants' 12(b)(6) motion to dismiss with regard to Kent and Washington is granted.

### 2. Qualified Immunity

Because Dr. MacMurdo asserts qualified immunity, Plaintiff "bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 416 (5th Cir. 2019). Plaintiff must allege facts showing that (1) Dr. MacMurdo violated a statutory or constitutional right and (2) the right was clearly established at the time of his conduct. *See id.* at 417.

Plaintiff enjoys an Eighth Amendment right to receive adequate medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison physician like Dr. MacMurdo violates that right if his conduct "demonstrates deliberate indifference to [Plaintiff's] serious medical needs, constituting an unnecessary and wanton infliction of pain." *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (citation omitted). This is an "extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To establish that Dr. MacMurdo violated that standard, Plaintiff must allege facts showing that Dr. MacMurdo (1) knew that Plaintiff faced a "substantial risk of serious bodily harm" and (2) disregarded that risk "by failing to take reasonable measures to abate it." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (citation omitted). He fails to do so.

5

Plaintiff alleges that Dr. MacMurdo should have renewed his treatment sessions. This grievance does not rise beyond mere "disagreement with medical treatment." *See Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) (citation omitted). Thus, Plaintiff fails to plausibly allege that Dr. MacMurdo violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Because Plaintiff has failed to plausibly allege that Dr. MacMurdo violated his constitutional rights, Plaintiff cannot overcome Dr. MacMurdo's qualified-immunity defense. *See Shaw*, 918 F.3d at 416.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 16)** is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 21st day of January, 2020.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**